UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DETECT TANK SERVICES LLC, et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>ADMIRAL INSURANCE COMPANY,<br><br>            Defendant. | CIVIL ACTION NO. 3:21-CV-02012<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Before the Court is a motion for judgment on the pleadings filed by Defendant Admiral Insurance Company ("Admiral") on March 7, 2022. (Doc. 10). Plaintiffs Detect Tank Services LLC ("Detect") and Mott Tank Inspection, Inc. ("Mott") (collectively, "Plaintiffs") initiated this declaratory judgment action by filing a writ of summons and a complaint against Admiral in the Court of Common Pleas of Lackawanna County, Pennsylvania, on October 19, 2020, and November 8, 2021, respectively. (Doc. 1-1, at 2-4; Doc. 1-2, at 3-4). On November 29, 2021, Admiral removed this action to the United States District Court for the Middle District of Pennsylvania. (Doc. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 7). For the following reasons, Defendants' motion for judgment on the pleadings will be DENIED. (Doc. 10).

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On or about June 12, 2018, Joseph Vigilante was killed and Frank Tomasiello was severely injured from an alleged explosion of underground gasoline storage tanks; subsequently, thereto, Plaintiffs were named as defendants in two separate civil lawsuits arising out of this incident captioned: *Gina Vigilante, Executrix of the Estate of Joseph Vigilante v.*

*Ewing Oil, Inc., et al.*, December 2020 Term Case No. 3369 (Phila. Cty.), and *Frank Tomasiello v. Ewing Oil, Inc., et al.*, February 2020 Term Case No. 2173 (Phila. Cty.) (collectively, the "Underlying Lawsuits").[1] (Doc. 1-2, ¶ 6; Doc. 3, at 9, 61). The underlying complaints allege that "[Mott] inspected the concrete vault surrounding one of the gasoline storage tanks on or about June 9, 2015, and that the death of Joseph Vigilante and/or injury of Frank Tomasiello were both partially caused by negligence on the part of [Mott]." (Doc. 1-2, ¶ 7; Doc. 3, at 52, 106).

Plaintiffs initiated this declaratory judgment action by filing a writ of summons and a complaint against Admiral in the Court of Common Pleas of Lackawanna County, Pennsylvania, on October 19, 2020, and November 8, 2021, respectively. (Doc. 1-1, at 2-4; Doc. 1-2, at 3-4). According to Plaintiffs, "[Admiral] issued to [Mott] a Commercial for General Liability and Umbrella Liability Insurance Policies for the period of January 14, 2015 to January 14, 2016." (Doc. 1-2, ¶ 8). Attached to the complaint is a copy of the Certificate of Liability Insurance. (Doc. 1-2, at 6). Plaintiffs aver that, if proved "that the death of Joseph Vigilante and/or injuries of Frank Tomasiello were caused by the negligence of Mott," and judgment is entered against Mott in the Underlying Lawsuits, "the coverage provided by the said insurance policy insures to the benefit of [Detect], as successor-in-interest." (Doc. 1-2, ¶ 9). Thus, Plaintiffs argue "pursuant to the express and implied terms of the policies, [Admiral]

---

[1] Courts in the Third Circuit have held that a court may take judicial notice of dockets or other court opinions at the motion to dismiss stage. *In re Congoleum Corp.*, 426 F.3d 675, 679 n.2 (3d Cir. 2005) (taking judicial notice of "state court proceedings insofar as they are relevant"); *see, e.g., In re Trichilo*, 540 B.R. 547, 549 (Bankr. M.D. Pa. 2015) (taking judicial notice of an underlying case's docket); *Mollett v. Leith*, No. 09-1192, 2011 WL 5407359, at *2 (W.D. Pa. Nov. 8, 2011) ("A court may also take judicial notice of the docket in Plaintiffs' underlying criminal trial."), *aff'd sub nom. Mollett v. Leicth*, 511 F. App'x 172 (3d Cir. 2013); *Carroll v. Prothonotary*, No. 08-1683, 2008 WL 5429622, at *2 (W.D. Pa. Dec. 31, 2008) (taking judicial notice of court records and dockets of federal district courts)). Therefore, the Court takes judicial notice of the state court dockets and complaints filed in the Underlying Lawsuit, which are attached to Admiral's answer. (Doc. 3, at 9, 61).

is required to defend the [Underlying Lawsuits] on behalf of the Plaintiffs, to bear all costs of such defense, and to indemnify the Plaintiffs against any and all losses Plaintiffs may become legally obligated to pay as a result of the [Underlying Lawsuits]." (Doc. 1-2, ¶ 10). Plaintiffs state that on August 9, 2020, and November 12, 2020, Admiral notified Plaintiffs that it was denying coverage. (Doc. 1-2, ¶ 11). As such, Plaintiffs request the Court to enter judgment: (1) declaring that Admiral has a duty to defend Plaintiffs in the Underlying Lawsuits, to bear all costs of such defense, and to reimburse Plaintiffs for all of their costs and legal fees incurred in the Underlying Lawsuits and in pursuing the instant action; (2) declaring that Admiral shall be required to indemnify Plaintiffs from and against any and all liability arising out of the Underlying Lawsuits; and (3) granting such further relief as the Court may deem appropriate. (Doc. 1-2, at 4)

Admiral filed the notice of removal on November 29, 2021, removing this action to the Middle District of Pennsylvania. (Doc. 1). On December 15, 2021, Admiral filed its answer to the complaint. (Doc. 3). On March 7, 2022, Admiral filed the motion for judgment on the pleadings, as well as a brief in support. (Doc. 10; Doc. 11). In response, Plaintiffs filed an answer and brief in opposition to the motion for judgment on the pleadings on March 23, 2022. (Doc. 12; Doc. 14). On March 30, 2022, Admiral filed a reply brief. (Doc. 15). On April 11, 2022, Plaintiffs filed a sur-reply brief, which the Court struck on April 13, 2022, directing Plaintiffs to file a motion for leave of Court to file a sur-reply brief in accordance with the procedures outlined in Local Rule 7.7. (Doc. 16; Doc. 17). Plaintiffs filed the first motion for leave to file a sur-reply brief on April 20, 2022, and a brief in support on August 22, 2022. (Doc. 18; Doc. 22). Admiral filed a certificate of non-concurrence to the motion for leave to file on May 2, 2022. (Doc. 19).

The motion for judgment on the pleadings has been fully briefed and is ripe for disposition. (Doc. 10; Doc. 11; Doc. 14; Doc. 15).

II.   STANDARD OF REVIEW

A motion for judgment on the pleadings is governed by Rule 12(c) of the Federal Rules of Civil Procedure, which provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Granting a 12(c) motion results in a determination on the merits at an early stage in the litigation," and thus, the movant is required " 'to clearly establish [ ] that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" *Inst. for Scientific Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*, 931 F.2d 1002, 1005 (3d Cir. 1991) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). A Rule 12(c) motion is analyzed under the same standards that apply to a Rule 12(b)(6) motion, construing all allegations and inferences in the light most favorable to the nonmoving party. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019); Thus, to survive a 12(c) motion, the complaint must contain sufficient factual matter to show that the claim is facially plausible, enabling the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (quoting *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009)).

"In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *Zimmerman v. Corbett*, 873 F.3d 414, 417-18 (3d Cir. 2017) (citing *Allah v. Al–Hafeez*, 226 F.3d 247, 249 (3d Cir. 2000)). When adjudicating a motion for judgment on the pleadings, the court should generally consider only those allegations contained in the complaint, as well as "documents that are

attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *see Atiyeh v. Nat'l Fire Ins. Co. of Hartford,* 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010) (court may consider "the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents, and matters of public record.").

### III.   DISCUSSION

Admiral argues that it is entitled to judgment on the pleadings and has no obligation to defend or indemnify Plaintiffs because the underlying negligent inspection is not a triggering "occurrence" within the meaning of the Policies. (Doc. 11, at 1). Specifically, Admiral argues that it does not owe a defense to the allegations in the Underlying Lawsuits because no "occurrence" took place within the Policies' coverage period since the date of the underlying plaintiffs' injuries is June 12, 2018. (Doc. 11, at 6-7; Doc. 11, at 20). In opposition, Plaintiffs contend that there are legal and factual issues in this matter that must be decided by a jury. (Doc. 14, at 3). Plaintiffs argue that the Underlying Lawsuits relate to allegations of a negligent inspection performed by Mott on or about June 9, 2015, which triggered the Policies' coverage. (Doc. 14, at 3). Plaintiffs assert that the motion for judgment on the pleadings is inappropriate, premature, and should be stricken because the issue of whether the Policies provide insurance coverage is a factual and legal determination for a jury to determine. (Doc. 14, at 3). In response, Admiral submits that Plaintiffs fail to explain or point to any case law that would support a determination that the triggering event for determining which insurance policy coverage is the date of the allegedly negligent conduct rather than the underlying plaintiffs' injuries. (Doc. 15, at 2-3).

At the onset, the parties have failed to attach the relevant Policies to this action. In fact, Plaintiffs do not attach copies of the Policies to the complaint or any other pleadings. Instead, Plaintiffs attached a copy of the Certificate of Liability Insurance to the complaint as evidence of the coverage provided by Admiral to its named insured, Mott, during the period from January 14, 2015, to January 14, 2016. (Doc. 1-2, at 6). Conversely, in its answer and affirmative defenses, Admiral attaches copies of the insurance policies issued to Mott for the coverage period January 14, 2017, to January 14, 2018. (Doc. 3, at 121, 280).

Under Pennsylvania law, "[c]ontract interpretation is a question of law that requires the court to ascertain and give effect to the intent of the contracting parties as embodied in the written agreement." *In re Old Summit Mfg., LLC*, 523 F.3d 134, 137 (3d Cir. 2008) (alteration in original) (quoting *Dep't of Transp. v. Pa. Indus. for the Blind & Handicapped*, 886 A.2d 706, 711 (Pa. Commw. Ct. 2005)); *see also Pa. Env't Def. Found. v. Pennsylvania*, 255 A.3d 289, 304 (Pa. 2021). Courts applying Pennsylvania law are required to give effect to a contract's clear and unambiguous language. *401 Fourth Street, Inc. v. Invs. Ins. Grp.*, 879 A.2d 166, 171 (Pa. 2005); *see also Wilson v. Hartford Cas. Co.*, 492 F. Supp. 3d 417, 426 (E.D. Pa. 2020). A contract's terms "are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts." *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999); *see also Atain Ins. Co. v. East Coast Bus. Fire, Inc.*, No. 17-CV-2545, 2018 WL 637579, at *2 (E.D. Pa. Jan. 31, 2018) ("Contract language is ambiguous if it is reasonably capable of more than one meaning."). However, courts must not "distort the meaning of the language or resort to a strained contrivance in order to find an ambiguity," and must give effect to a contract's clear and unambiguous terms. *Madison Constr. Co.*, 735 A.2d at 106.

As the relevant Policies for the coverage period from January 14, 2015, to January 14, 2016, are not present in the record, the Court is unable to interpret the Policies and determine

whether Admiral has a duty to defend and indemnify Plaintiffs in the Underlying Lawsuits. A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law. *See Inst. for Scientific Info., Inc.,* 931 F.2d at 1005. Here, the relevant Policies are not present in the record, so the Court may not conclude that the pleadings demonstrate that there is no genuine issue of fact and Admiral is entitled to judgment as a matter of law. Though the parties do not raise an issue regarding the failure to attach copies of the Policies to the pleadings, the Court finds that granting judgment on the pleadings is not warranted at this time.

Accordingly, Admiral's motion for judgment on the pleadings shall be denied. (Doc. 10).

### IV. CONCLUSION

For the foregoing reasons, Admiral's motion for judgment on the pleadings (Doc. 10) is **DENIED**. In addition, in light of this ruling, Plaintiffs' motion for leave to file a sur-reply (Doc. 18) is **DENIED as moot**.

An appropriate Order follows.

Dated: September 6, 2022                          s/ *Karoline Mehalchick*
                                                                  **KAROLINE MEHALCHICK**
                                                                  **Chief United States Magistrate Judge**